IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JACKIE F. YATES, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 14-545-LPS |
| DAVID T. YATES, | : | |
| Defendant. | : | |

Jackie F. Yates, Dover, Delaware, Pro Se Plaintiff.

David T. Yates, Fairless Hills, Pennsylvania, Pro Se Defendant.

**MEMORANDUM OPINION**

March 23, 2018
Wilmington, Delaware


**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Jackie F. Yates ("Plaintiff") filed this action on April 25, 2014. She proceeds *pro se* and was granted *in forma pauperis* status. She filed this complaint against her former spouse, David Y. Yates ("Defendant"), to enforce a Section 213A affidavit of support under the Immigration and Nationality Act ("the Act"), 8 U.S.C. § 1182(a)(4)(A).[1] The Court has jurisdiction by reason of a federal question pursuant to 28 U.S.C. § 1331.

Presently before the Court are Plaintiff's request for default, motion to amend, and motion for issuance of a subpoena duces tecum (D.I. 29, 31, 37) and Defendant's motion to dismiss and motion for summary judgment (D.I. 30, 38). Having reviewed the case, the Court determines that dismissal is appropriate due to res judicata or claim preclusion.

## II. BACKGROUND

Plaintiff filed this lawsuit on April 25, 2014. Plaintiff seeks enforcement of an affidavit of support and compensatory damages to support herself and her son, to provide housing, to pay her school loans and for her education, and to provide medical assistance.

The Court takes judicial notice that on April 21, 2006, Plaintiff commenced a civil action in the United States District Court for the Eastern District of Pennsylvania against Defendant, *Yates v. Yates*, Civ. No. 06-1691-RBS (E.D. Pa. Apr. 21, 2006) ("EDPA Action"). Like the instant case, the

---

[1] The Act forbids admission to the United States of any alien who "is likely at any time to become a public charge." 8 U.S.C. § 1182(a)(4); 8 C.F.R. § 213a.2(a). Persons who would be inadmissible for this reason may become admissible if a sponsor executes an affidavit of support. 8 U.S.C. § 1183a(a)(1); 8 U.S.C. § 1182(a)(4)(C)(ii); 8 C.F.R. § 213a.2. Once executed, the affidavit becomes a contract between the sponsor and the U.S. Government for the benefit of the sponsored immigrant, and of any Federal, State, or local governmental agency or private entity that administers any "means-tested public benefits program." 8 C.F.R. § 213a.2(d); *see also* 8 U.S.C. § 1183a(a)(1) (providing that affidavit must be "executed by a sponsor of the alien as a contract"); *Erler v. Erler*, 824 F.3d 1173, 1175 (9th Cir. 2016).

1

action was brought pursuant to the Immigration and Nationality Act and sought to enforce an affidavit of support under § 213A of the Act that Plaintiff, an alien, alleged Defendant, as her sponsor, executed on August 20, 1999. (*Id.* at D.I. 1) In the affidavit, the sponsor agrees to provide support to maintain the sponsored alien at an annual income that is not less than 125 percent of the federal poverty line during the period in which the affidavit is enforceable. (*Compare* D.I. 2 with Civ. No. 06-1691-RBS at D.I. 1) On April 7, 2007, the EDPA Action was dismissed with prejudice for Plaintiff's failure to comply with court orders. (*See* Civ. No. 06-1691-RBS at D.I. 23)

Defendant, who proceeds *pro se*, advised the Court of the EDPA Action in both his answer to the complaint and his motion to dismiss. (*See* D.I. 27 at 1, 3; D.I. 30 at 1) Defendant moves to dismiss on the grounds of improper service and asserts the affirmative defense of res judicata. (D.I. 30) He moves for summary judgment on the grounds that: (1) Plaintiff's claims are barred by res judicata and collateral estoppel; (2) Plaintiff cannot produce the alleged original I-894 Form upon which she relies and, therefore, cannot state a claim for breach of contract; (3) Plaintiff cannot demonstrate that she was in the United States legally at the time the alleged I-864 form was signed and, therefore, the form is void ab initio; and (4) no consideration exists for the alleged contract obligation. (D.I. 38) Plaintiff seeks an entry of default, moves to amend, and seeks issuance of a subpoena duces tecum. (D.I. 29, 31, 37)

### III. LEGAL STANDARDS

#### A. Fed. R. Civ. P. 12(b)(4) and 12(b)(5)

Rule 12(b)(4) permits a motion to dismiss for "insufficiency of process." Rule 12(b)(5) permits a motion to dismiss for "insufficiency of service of process." "[D]istrict courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process. However, dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained. In such instances, the district court should, at

2

most, quash service, leaving the plaintiffs free to effect proper service." *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992) (finding district court abused its discretion in dismissing complaint for improper service where "the plaintiffs were not time-barred from serving process, and no other basis for dismissal of the plaintiffs' complaint appear[ed] in the record").

### B. Fed. R. Civ. P. 12(b)

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable

3

expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## IV. DISCUSSION

The Court turns to the case dispositive issue of res judicata. The Court determines that res judicata, or claim preclusion, bars Plaintiff's claims against Defendant.

In the EDPA Action, the district court dismissed Plaintiff's complaint with prejudice on April 17, 2007. (*See* EDPA Civ. No. 06-1691-RBS at D.I. 23) At the time, Plaintiff was represented by counsel. Thereafter, Plaintiff, proceeding *pro se*, filed a motion for reconsideration, which was denied. (*See* EDPA Civ. No. 06-1691-RBS at D.I. 24) She did not appeal. (*See* EDPA Civ. No. 06-1691-RBS) A review of the EDPA court docket and the dismissal order indicates that the case was dismissed for failure to comply with court orders. It also appears Plaintiff failed to prosecute the case.

Res judicata, or claim preclusion, applies where the party invoking it establishes: "(1) a final judgment on the merits in a prior suit involving, (2) the same parties or their privies, and (3) a subsequent suit based on the same cause of action." *Duhaney v. Attorney Gen.*, 621 F.3d 340, 347 (3d Cir. 2010) (internal quotation marks omitted). Res judicata applies both to claims that were actually

4

brought in addition to claims which could have been brought in the prior action. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). "[R]es judicata will 'not be defeated by minor differences of form, parties or allegations' where the 'controlling issues have been resolved in a prior proceeding in which the present parties had an opportunity to appear and assert their rights.'" *Jett v. Beech Interplex, Inc.*, 2004 WL 1595734, at *2 (E.D. Pa. July 15, 2004) (citations omitted).

A procedural dismissal may act as an adjudication on the merits having preclusive effects on subsequent actions. *See Kreidie v. Secretary, Pennsylvania Dep't of Revenue*, 574 F. App'x 114, 117 (3d Cir. July 21, 2014) (res judicata barred new action when former action was dismissed on procedural grounds for failure to file amended complaint by stipulated date, as both actions involved same claims and parties; procedural dismissal operated as judgment on the merits absent statement to contrary) (citing *Napier v. Thirty or More Unidentified Fed. Agents*, 855 F.2d 1080, 1087 (3d Cir. 1988) (res judicata may apply to prior case dismissed for failure to prosecute; plaintiff failed to attend pretrial conference and submit pretrial memorandum)); *McCarter v. Mitcham*, 883 F.2d 196, 199-200 (3d Cir. 1989) (res judicata is likely to apply when prior case is dismissed as sanction for untimely delay and failure to obey court order); *Landon v. Hunt*, 977 F.2d 829, 832-33 (3d Cir. 1992) (res judicata applies to prior case dismissed for failure to prosecute; plaintiff failed to appear at trial); *Color-Plus Leather Restoration Sys., L.L.C. v. Vincie*, 198 F. App'x 165, 167 (3d Cir. Oct. 3, 2006) (dismissal of plaintiff's complaint, even for failure to prosecute, is final judgment on merits).

Having reviewed the filings submitted by the parties and taking judicial notice of the EDPA Action, it is clear that the claims raised by Plaintiff in the instant action are barred by res judicata, or claim preclusion, as they were previously litigated and resolved by a final judgment in the EDPA. The EDPA had jurisdiction over the parties, the parties are the same, the claims asserted are the same, and those claims arise from the same events that gave rise to the EDPA Action. When there

5

is "an identity of facts, claims and parties" between two actions, res judicata applies. *Huck on Behalf of Sea Air Shuttle Corp. v. Dawson*, 106 F.3d 45, 51 (3d Cir. 1997).

Plaintiff's claims were considered in the EDPA Action.[2] Now, having failed to act in accordance with the orders and procedures applicable in that action, she seeks to relitigate the claims in this Court for matters that have already been resolved. The instant action is barred under the law. Therefore, the Court will grant Defendant's motion to dismiss.

## V. CONCLUSION

For the above reasons, the Court will: (1) grant Defendant's motion to dismiss (D.I. 30); (2) deny as moot Plaintiff's motions (D.I. 29, 31, 37); and (3) deny as moot Defendant's motion for summary judgment (D.I. 38).[3] The Court finds amendment futile.

An appropriate Order will be entered.

---

[2] In 2005, Plaintiff raised a similar claim against Defendant in another action she filed in the EDPA. *See Yates v. Yates*, Civ. No. 05-4034-JP (E.D. Pa. July 28, 2005). The complaint was dismissed as frivolous for lack of subject matter jurisdiction. (*See id.* at D.I. 2) The Court also takes judicial notice of litigation between the parties in the Court of Common Pleas in and for Bucks County, Pennsylvania, *Yates v. Yates*, 2002-63378 and *Yates v. Yates*, 2002-60457, cases involving issues such as alimony, child support, and the validity of a prenuptial agreement between them. During an August 2, 2013 hearing in *Yates v. Yates*, 2002-63378, Plaintiff argued to the court that she was entitled to support because Defendant filed an affidavit of support and is obligated to pay support to Plaintiff under the affidavit. (D.I. 38 at Ex. D at 26) The Bucks County Court found that it had "already been determined in the Federal Court that [Plaintiff's] complaint seeking to make [Defendant] pay for [Plaintiff] is dismissed with prejudice." (*Id.*) The Bucks County Court observed that "we also have in the record that you've come to this court for APL (*i.e.*, alimony pendent lite) and at a different time for spousal support. And both of those have been dismissed. You're out of options. There's no legal basis at this point for you to get support." (*Id.* at 27)

[3] Because the claims are barred by reason of res judicata, or claim preclusion, the Court will not address Defendant's other ground for dismissal based upon improper service. In addition, because dismissal is appropriate by reason of res judicata, the Court will not address Defendant's motion for summary judgment. It will be denied as moot.